**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TYSON KYLE SCHRANTZ,

Plaintiff,

v.

HSBC BANK USA N.A. AS TRUSTEE FOR NOMURA ASSET ACCEPTANCE CORPORATION, ALTERNATIVE LOAN TRUST, SERIES 2006-AF1,

Defendant.

2:11-CV-699-RCJ-PAL

**ORDER**

Currently before the Court are Defendant HSBC Bank USA, N.A., as trustee for Nomura Asset Acceptance Corporation's ("Defendant") Motion to Dismiss (#5) and *pro se* Plaintiff Tyson Schrantz's Emergency Motion for Stay of Proceedings (#15). The Court heard oral argument on June 29, 2011.

**BACKGROUND**[1]

In March 2006, Plaintiff purchased a piece of property located at 736 Greenway Road, Henderson, Nevada, 89015, from Michael Mattox for $331,500. (Sale Deed (#6-1) at 2, 5). Plaintiff executed a note secured by a deed of trust for the property located at 736 Greenway Road, which was recorded in Clark County on March 10, 2006. (First Deed of Trust (#6-2) at 2, 4). The mortgage, dated March 6, 2006, was for $265,200. (*Id.* at 2-3). The lender on the

[1] Defendant filed a request for judicial notice and attached copies of relevant publicly recorded documents. (*See* Request for Judicial Notice (#6)). This Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

deed of trust was Silver State Financial Services, Inc. dba Silver State Mortgage. (*Id.* at 2). The trustee on the deed of trust was Equity Title of Nevada. (*Id.*). The Mortgage Electronic Registration Systems, Inc. ("MERS") was named "as a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary[2] under the security instrument. (*Id.*). On March 6, 2006, the same parties executed a deed of trust on a second mortgage for the same property for $66,300. (Second Deed of Trust (#6-3) at 2-3).

On May 1, 2009, Plaintiff defaulted on his first deed of trust for an unspecified amount. (*See* Notice of Default (#6-7) at 2). On August 12, 2009, Quality Loan Service Corp, "as agent for beneficiary" executed and recorded a notice of default on the first deed of trust. (*Id.* at 2, 4).

On September 11, 2009, Wells Fargo Bank, NA as attorney-in-fact for Defendant executed a substitution of trustee for the first deed of trust and replaced Quality Loan Service Corporation as the trustee for Equity Title of Nevada. (Substitution of Trustee (#6-8) at 2-3).[3] On September 22, 2009, MERS as a nominee for Silver State Financial Services executed an assignment for the first deed of trust to Defendant. (Assignment of Deed of Trust (#6-9) at 2-3).

On May 18, 2010, Quality Loan Service recorded a notice of trustee's sale with the Clark County Recorder's office. (Notice of Trustee's Sale (#6-11) at 2). On December 9, 2010, Quality Loan Service recorded another notice of trustee's sale with the Clark County Recorder's office. (Notice of Trustee's Sale (#6-12) at 2). On February 25, 2011, Quality Loan Service recorded a trustee's deed upon sale which explained that Quality Loan Service sold the property to Defendant for $155,550 at a public auction on February 17, 2011. (Trustee's Deed Upon Sale (#6-13) at 2-3).

On March 24, 2011, Plaintiff filed a complaint the Eighth Judicial District Court in Clark

---

[2] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

[3] Although the Substitution of Trustee has a signature date of August 12, 2009, the notary's stamp states that the document was executed before her on September 11, 2009. (Substitution of Trustee (#6-8) at 3).

County. (Compl. (#1-2)). In May 2011, Defendant filed a petition for removal and attached Plaintiff's complaint. (Pet. for Removal (#1)).

Plaintiff's complaint alleged five causes of action. (Compl. (#1-2)). In the first cause of action, Plaintiff alleged that Defendant engaged in predatory lending practices that resulted in Plaintiff entering into loan agreements for which he was ultimately not qualified for and resulted in his inability to make payments and stay in the property. (*Id.* at 5). In the second cause of action, Plaintiff alleged that Defendant engaged in predatory lending practices related to the MERS system because Defendant conspired to promote, encourage, facilitate and actively engage in fraudulent and predatory lending practices by participating in the MERS system. (*Id.* at 6). In the third cause of action, Plaintiff alleged that there was a "void sale from ultra vires act" because Defendant sold the rights and interests in the debt instruments as an unregistered security in violation of the Securities Act of 1933. (*Id.* at 8-9). In the fourth cause of action, Plaintiff alleged "improper alteration of the note and mortgage" because Defendant engaged in securitization of the note and the deed of trust without the consent of the trustor and severed financial responsibility for losses. (*Id.* at 9). In the fifth cause of action, Plaintiff alleged wrongful foreclosure because Defendant lacked jurisdiction and standing to foreclose. (*Id.* at 14). Plaintiff sought a temporary restraining order or injunction preventing Defendant or its agents from taking possession of, selling, offering, or advertising the property for sale or from transferring or conveying the property while a question of title still existed in court. (*Id.* at 29). Plaintiff also sought damages and restoration of title and an order enjoining Defendant from violating the statutes. (*Id.*). Defendant filed a motion to dismiss on May 10, 2011. (Mot. to Dismiss (#5)).

On May 17, 2011, Defendant filed an eviction action in Henderson Justice Court. (*See* Mot. for Stay (#15) at 2; Opp'n to Mot. for Stay (#18) at 2). On June 2, 2011, the justice court entered judgment in favor of Defendant and ordered Plaintiff to vacate the property by July 1, 2011. (*See* Mot. for Stay (#15) at 2; Opp'n to Mot. for Stay (#18) at 2). Plaintiff filed an emergency motion for stay of proceedings on June 16, 2011. (Mot. for Stay (#15)). Defendant responded on June 23, 2011. (Opp'n to Mot. for Stay (#18)).

## LEGAL STANDARD

### I. Motion to Dismiss

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949. "Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**II. Preliminary Injunction**

Federal Rule of Civil Procedure 65(a) allows a court to issue a preliminary injunction on notice to an adverse party. The Ninth Circuit employs two sets of criteria for evaluating a request for preliminary injunctive relief. Under the "traditional test," the movant must establish: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir.2005) (citation omitted). As to the second element, the Supreme Court recently clarified that a plaintiff seeking an injunction must demonstrate that irreparable harm is likely, not just possible. *Winter v. NRDC, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 375-76,172 L.Ed.2d 249 (2008). Under the "alternative test," the plaintiff can meet its burden by showing "either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Beardslee*, 395 F.3d at 1067 (citation and internal quotation marks omitted). "These two alternatives represent 'extremes of a single continuum,' rather than two separate tests." *Id*. (citations omitted).

///

///

## DISCUSSION

### I. Motion to Dismiss (#5)

Defendant seeks to dismiss all causes of action for failure to state a claim and for failure to plead in accordance to Federal Rule of Civil Procedure 8(a). (Mot. to Dismiss (#5) at 4-5, 7). With respect to the wrongful foreclosure claim, Defendant argues that Plaintiff cannot prevail on the claim because he is in default. (*Id.* at 12). Defendant also argues that Quality Loan Service had the right to initiate the foreclosure process by filing a notice of default. (*Id.* at 13).

Plaintiff filed a response and Defendant filed a reply. (*See* Opp'n to Mot. to Dismiss (#8); Reply to Mot. to Dismiss (#14)).

As an initial matter, Plaintiff's first four causes of action are without merit and the Court grants the motion to dismiss those claims without leave to amend. With respect to the fifth cause of action, Defendant is correct that Plaintiff fails to state a true cause of action for wrongful foreclosure because Defendant was in default. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) (holding that an "action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale."). However, Plaintiff does state a claim for a statutorily defective foreclosure under NRS § 107.080.

Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." NRS § 107.020(1). Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation. NRS § 107.080(2)(c).

The procedures for conducting a trustee's foreclosure sale are set forth in NRS § 107.080. To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of the breach and election to sell.

NRS § 107.080(2)(c). The notice of default and election to sell must "[d]escribe the deficiency in performance or payment and may contain a notice of intent to declare the entire unpaid balance due if acceleration is permitted by the obligation secured by the deed of trust." *Id.* § 107.080(3)(a). If the property is a residential foreclosure, the notice of default and election to sell must comply with NRS § 107.087. *Id.* § 107.080(3)(b). Nevada Revised Statute § 107.087 provides that the notice of default and election to sell must include the physical address of the property and the contact information of the trustee or the person conducting the foreclosure who is authorized to provide information relating to the foreclosure status of the property. NRS § 107.087(1)(b)(1)-(2).

The trustee or other person authorized to make the sale must wait three months after recording the notice of default and election to sell. NRS § 107.080(2)(d). After the three month period, the trustee must give notice of the time and place of the sale. *Id.* § 107.080(4). Under NRS § 107.080(5), a "sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place" if:

> (a) The trustee or other person authorized to make the sale does not substantially comply with the provisions of this section or any applicable provision of NRS 107.086 and 107.087;
>
> (b) Except as otherwise provided in subsection 6, an action is commenced in the county where the sale took place within 90 days after the date of the sale; and
>
> (c) A notice of lis pendens providing notice of the pendency of the action is recorded in the office of the county recorder of the county where the sale took place within 30 days after commencement of the action.

NRS § 107.080(5)(a)-(c).

A nominee on a deed of trust has the authority, as an agent, to act on behalf of the holder of the promissory note and execute a substitution of trustees. *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, * 1 (D. Nev. 2009). As long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure. *Id.* at *2.

In this case, Quality Loan Service did not have the authority to initiate the foreclosure process by filing a notice of default on August 12, 2009, because it had not been properly

substituted as the trustee. Additionally, although there is a substitution of trustee on the record, the substitution of trustee is defective. Here, Wells Fargo, on behalf of Defendant, filed the substitution of trustee on September 11, 2009. On that date, Defendant had no authority to file a substitution of trustee because Silver State Financial had not assigned its rights to the deed of trust to Defendant until September 22, 2009. Therefore, Quality Loan Service had no authority to file a notice of default because it was neither the original trustee or a properly substituted trustee. Based on the facts presented to the Court in the motion to dismiss, the Court denies the motion to dismiss claim five for wrongful foreclosure/statutory defect.

**B. Emergency Motion for Stay of Proceedings (#15)**

Plaintiff's "motion for a stay of proceedings" appears to be in substance a motion for a preliminary injunction. (*See* Mot. for Stay (#15) at 2). Plaintiff asks the Court to stay the eviction order in state court so that this Court can resolve the issues presented in this case. (*Id.*).

Defendant argues that Plaintiff is seeking injunctive relief to prevent the enforcement of the justice court's ruling and that granting Plaintiff's request would violate the Anti-Injunction Act and claim preclusion. (Opp'n to Mot. for Stay (#18) at 2). Additionally, Defendant argues that Plaintiff cannot meet the requirements for injunctive relief because Plaintiff will not suffer irreparable harm because the property already has been foreclosed upon. (*Id.* at 7). Defendant contends that Plaintiff cannot succeed on the merits of his claims and that the Court cannot ultimately void the foreclosure sale because Plaintiff failed to record a notice of pendency of action within 30 days after the commencement of the action pursuant to NRS § 107.080(5). (*Id.* at 8-10).

Pursuant to 28 U.S.C. § 1446, after filing a notice of removal, a defendant shall give written notice to all adverse parties and shall file a copy of the notice with the clerk of the state court. 28 U.S.C. § 1446(d). The notice in state court "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." *Id.* The Ninth Circuit has held that, although "the removal statute only commands the state court to stay the case that was actually removed, it has been interpreted to authorize courts to enjoin later filed state

cases that were filed *for the purpose of subverting federal removal jurisdiction*." *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1378 (9th Cir. 1997).

Defendant argues that it did not subvert federal removal jurisdiction by filing the state court eviction proceeding because it removed this case to federal court. (*See* Opp'n to Mot. for Stay (#18) at 5). Nevertheless, Defendant is in fact attempting to subvert the federal proceedings. Plaintiff filed a wrongful foreclosure/statutory defect claim in state court and then Defendant removed that claim to this Court. In this removed case, Plaintiff sought an injunction to prevent Defendant from taking possession of the property while a question of title still existed in this Court. However, Defendant's act of filing an eviction action in state court seven days after it filed a motion to dismiss in this Court is, in its very essence, an attempt to subvert federal removal jurisdiction by limiting this Court's ability to rule on the merits of the underlying case. If this Court declares that the foreclosure is invalid, Defendant has no right to seek an eviction in state court. Therefore, the Court finds that it does have the authority to enter an injunction in the eviction proceedings. As such, the Court grants Plaintiff's motion to stay (#15) the eviction scheduled for July 1, 2011. The stay is in effect until after the Court issues an order reflecting its ruling at the hearing scheduled for Friday, July 15, 2011, at 10:00 a.m. in Las Vegas.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion to Dismiss (#5) is GRANTED in part as to claims one, two, three, and four, without leave to amend, and DENIED in part as to claim five.

IT IS FURTHER ORDERED that Plaintiff's Emergency Motion to Stay (#15) his eviction scheduled for July 1, 2011, is GRANTED.

DATED: This 5th day of July, 2011.

United States District Judge