**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TYSON KYLE SCHRANTZ,

    Plaintiff,

    v.

HSBC BANK USA N.A. AS TRUSTEE FOR Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2006-AF1, and DOES 1 through 50 inclusive,

    Defendants.

2:11-cv-699-RCJ-CWH

**ORDER**

Currently before the Court is Defendant HSBC Bank USA, N.A.'s Motion for Summary Judgment (#31). The Court heard oral argument on December 2, 2011. *Pro se* plaintiff Tyson Kyle Schrantz did not appear.

**BACKGROUND**

On March 24, 2011, Plaintiff filed a complaint in the Eighth Judicial District Court in Clark County. (Compl. (#1-2)). In May 2011, Defendant filed a petition for removal and attached Plaintiff's complaint. (Pet. for Removal (#1)).

Plaintiff's complaint alleged five causes of action, including (1) predatory lending practices; (2) predatory lending practices related to the Mortgage Electronic Registration System, Inc. ("MERS"); (3) void sale from ultra vires act because the debt instruments were unregistered securities; (4) improper alteration of the note and mortgage because Defendant had engaged in securitization of the note and deed of trust without consent; and (5) wrongful foreclosure because Defendant lacked jurisdiction and standing to foreclose. (Compl. (#1-2) at 5-6, 8-9, 14).

On July 5, 2011, this Court issued an order on Defendant's Motion to Dismiss (#5) and on Plaintiff's Motion for Stay of Proceedings (#15). (Order (#23)). The Court found that Plaintiff's complaint properly stated a claim for a statutorily defective foreclosure under NRS § 107.080 because Quality Loan Service did not have the authority to initiate the foreclosure process by filing a notice of default on August 12, 2009, because it had not been properly substituted as the trustee. (*Id.* at 6-8). The Court dismissed claims one through four without leave to amend. (*Id.* at 9).

In light of that order, the Court granted Plaintiff's motion to stay eviction proceedings for 90 days. (Order (#29) at 1). During that time period, the Court directed Defendant to: (a) correct the statutory defect by starting the foreclosure process over, or (b) file a motion for summary judgment on the notice of lis pendens issue. (*Id.*). The motion for summary judgment on the notice of lis pendens issue now follows.

## LEGAL STANDARD

In reviewing a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Pursuant to Fed.R.Civ.P. 56, a court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Material facts are "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of identifying the portions of the pleadings and evidence that the party believes to demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

1 materials" or "showing that the materials cited do not establish the absence or presence of a
2 genuine dispute, or that an adverse party cannot produce admissible evidence to support the
3 fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). Once the moving party has properly supported the
4 motion, the burden shifts to the nonmoving party to come forward with specific facts showing
5 that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475
6 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "The mere existence of a
7 scintilla of evidence in support of the plaintiff's position will be insufficient; there must be
8 evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252,
9 106 S.Ct. at 2512. The nonmoving party cannot defeat a motion for summary judgment "by
10 relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d
11 1040, 1045 (9th Cir. 1989). "Where the record taken as a whole could not lead a rational trier
12 of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475
13 U.S. at 587, 106 S.Ct. at 1356.

## DISCUSSION

15 Defendant files a motion for summary judgment on the lis pendens issue. (Mot. for
16 Summ. J. (#31) at 2). Defendant argues that Plaintiff did not comply with NRS § 107.080(5)'s
17 requirement that he record a notice of lis pendens within 30 days of filing his complaint and,
18 thus, he cannot maintain a cause of action for a statutorily defective foreclosure under NRS
19 § 107.080. (*Id.* at 4). Defendant asserts that, as of July 29, 2011, Plaintiff still had not
20 recorded a notice of lis pendens. (*Id.*; *see* Ex. 5 (#31-5)).

21 In response, Plaintiff acknowledges that "due to oversight" the notice of lis pendens was
22 not timely filed. (Opp'n to Mot. to Summ. J. (#34) at 2). He asserts that it has now been filed
23 and that the Court and law regularly allow for mistake, inadvertence, and oversight of the
24 parties. (*Id.*). He then argues that Defendant is not the true party in interest to the loan and
25 cannot enforce it. (*Id.* at 3). Plaintiff does not attach a copy of a filed notice of lis pendens.

26 In reply, Defendant asserts that there is still no record of a lis pendens on the property
27 at issue despite Plaintiff's assertion that one was recorded. (Reply to Mot. for Summ. J. (#37)
28 at 4).

3

The procedures for conducting a trustee's foreclosure sale are set forth in NRS § 107.080. Under NRS § 107.080(5), a "sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place" if:

> (a) The trustee or other person authorized to make the sale does not substantially comply with the provisions of this section or any applicable provision of NRS 107.086 and 107.087;
>
> (b) Except as otherwise provided in subsection 6, an action is commenced in the county where the sale took place within 90 days after the date of the sale; and
>
> (c) A notice of lis pendens providing notice of the pendency of the action is recorded in the office of the county recorder of the county where the sale took place within 30 days after commencement of the action.

NRS § 107.080(5)(a)-(c). A court cannot void a sale when a plaintiff has failed to comply with the provisions of NRS § 107.080(5). *See Ahmed v. Deutsche Bank, N.A.*, 2011 WL 3425460, *6 (D. Nev. 2011) (granting summary judgment on a statutorily defective foreclosure claim because the plaintiff did not file a notice of lis pendens within the statutory time period and did not produce evidence raising a question of material fact as to whether he actually filed a notice of lis pendens); *Sphouris v. Aurora Loan Serv., LLC*, 2011 WL 768702, *4 (D. Nev. 2011) (finding that a plaintiff's statutorily defective foreclosure claim was time-barred because the plaintiff failed bring an action within 90 days of the sale); *Miller v. Wells Fargo Bank*, 2010 WL 2697082, *2 (D. Nev. 2010) (finding that the court did not have the statutory authority to void the trustee's sale where plaintiffs failed to record a lis pendens in the county where the sale took place within thirty days of filing their action).

In this case, Plaintiff satisfies NRS § 107.080(5)(a)-(b) because there are statutory defects in the foreclosure process and Plaintiff filed a complaint in state court approximately a month and a half after the trustee's sale. However, the Court grants Defendant's motion for summary judgment on the fifth cause of action for a statutorily defective foreclosure because there is no evidence that Plaintiff has filed a notice of lis pendens at all, let alone filed one within thirty days of March 24, 2011, the date this lawsuit commenced. Because Plaintiff did not comply with NRS § 107.080(5)(c), the Court lacks statutory authority to void the trustee's sale. As such, the Court grants the motion for summary judgment (#31).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendant's Motion for Summary Judgment (#31) is GRANTED in its entirety. There are no remaining causes of action in this case.

The Clerk of the Clerk of the Court shall enter judgment accordingly.

DATED: This __7th__ day of December, 2011.

_____
United States District Judge